UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERTO DURAND, <br><br>   Plaintiff, <br> v. <br><br> SAMANTHA CRAINE, <br><br>   Defendant. | Case No. 3:21-cv-00477-RCJ-CLB <br><br> **ORDER** |

      Plaintiff Roberto Durand brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. (ECF No. 1-1.) On November 12, 2021, this Court ordered Roberto Durand to file a fully complete application to proceed *in forma pauperis* ("IFP application") or pay the full $402 filing fee on or before January 10, 2022. (ECF No. 3.) The Court warned Roberto Durand that the action could be dismissed if he failed to file a fully complete IFP application with all three documents or pay the full $402 filing fee for a civil action by that deadline. (*Id.* at 3.)  The January 10, 2022 deadline expired and Roberto Durand did not file a fully complete IFP application or pay the full $402 filing fee. Because Roberto Durand submitted an incomplete IFP application on November 16, 2021 (ECF No. 4), the Court considered meaningful alternatives to dismissal and issued another order on January 18, 2022 granting Plaintiff one final opportunity to submit a fully complete IFP  application that included an inmate account statement for the previous six-month period by the deadline of February 17, 2022.  (ECF No. 6.)  On January 24, 2022, Roberto Durand once again submitted an incomplete IFP application that did not include an inmate account statement for the previous six-month period. (ECF No. 7.) The February 17, 2022 deadline has now

expired and Roberto Durand still has not filed a fully complete IFP application or paid the full $402 filing fee.

## I.  DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Roberto Durand's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Roberto Durand either files a fully complete IFP application or pays the $402 filing fee for a civil action, the only alternative is to enter a third order setting another deadline. But the reality of repeating two ignored orders is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Roberto Durand needs additional time or evidence that he did not receive the Court's order.  Setting a third deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.     CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. IT IS THEREFORE ORDERED that this action is dismissed <u>without prejudice</u> based on Roberto Durand's failure to file a fully complete IFP application or pay the full $402 filing fee in compliance with this Court's November 12, 2021 and January 18, 2022, orders.

IT IS FURTHER ORDERED that all pending motions (ECF Nos. 4, 7) are denied.

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Roberto Durand wishes to pursue his claims, he must file a complaint in a new case.

DATED THIS 16th day of March 2022.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE